IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JOHN DAVID RUSSELL,** § | |
| **TDCJ No. 01912456,** § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | **CIVIL CASE NO. SA-21-CV-1209-FB** |
| § | |
| **BOBBY LUMPKIN, Director, Texas** § | |
| **Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is petitioner John David Russell's petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. (ECF No. 1).[1] Also before the Court are respondent Bobby Lumpkin's answer and petitioner's reply. (ECF Nos. 9 and 10). Petitioner's petition is denied for the following reasons.

**I. Background**

Petitioner is a 39-year-old state prisoner at the Stevenson Unit in Cuero, Texas. (ECF No. 8-4 at 7; ECF No. 9 at 2). In February 2010, petitioner pleaded guilty to separate counts of burglary of a habitation, enhanced to first degree felonies, in cause numbers 134-09-B and 135-09-B in the 25th District Court of Gonzales County, Texas. (ECF No. 8-4 at 24, 126). He was placed on deferred-adjudication community supervision for ten years. (ECF No. 8-4 at 127). His community supervision was subsequently revoked, and he was adjudicated guilty in both causes. (ECF No. 8-4

---

[1] "ECF No." refers to the Electronic Case Filing number for documents docketed in this case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

at 7, 127). He was sentenced to concurrent terms of fifteen years' imprisonment on December 17, 2013.[2] *Id.*

On September 14, 2020, the Texas Board of Pardons and Paroles (the Board) reviewed petitioner for release on parole. (ECF No. 9-1 at 2). "The Board denied his parole, citing [reasons] 1D ("The record indicates that the offender has repeatedly committed criminal episodes that indicate a predisposition to commit criminal acts upon release"), 2D ("The record indicates the instant offense has elements of brutality, violence, assaultive behavior, or conscious selection of victim's vulnerability indicating a conscious disregard for the lives, safety, or property of others, such that the offender poses a continuing threat to public safety"), 3D ("The record indicates excessive substance use involvement"), and 5D ("unsuccessful periods on previous probation, parole, or mandatory supervision")." (ECF No. 9 at 3). The Board set petitioner's next review for September of 2021.[3] *Id.*

In January 2021, petitioner filed an application for a state writ of habeas corpus challenging the Board's September 2020 action. (ECF No. 8-4 at 60–75). He raised five claims:

1. Should his application for mediation be granted?

2. Should he receive a copy of his parole record and parole case summary?

3. Should the Board file a docketing statement in this case?

4. Should his application to re-open his hearing be granted?

5. Does Title 10, Texas Government Code § 2001.233(3) violate the Texas Constitution?

---

2  Petitioner's projected release date is March 2, 2028. *See* https://inmate.tdcj.texas.gov/InmateSearch, search for "Russell, John" last visited December 28, 2022.

3  The Board denied petitioner parole again on August 10, 2021. (ECF No. 9-1).

(ECF No. 8-4 at 65–74). The State countered that petitioner's "complaints pertain to the procedures related to the denial of his parole. Such complaints are not cognizable on a writ of habeas corpus." (ECF No. 8-4 at 119) (citing *Ex parte Johnson*, 541 S.W. 3d 827 (Tex. Crim. App. 2017)). His application was denied by the Texas Court of Criminal Appeals without written order on November 17, 2021. (ECF No. 8-1 at 1).

Petitioner raises the same issues in his federal petition. (ECF No. 1 at 6–7). He asks the Court to intervene on his behalf and order the Board to: (1) provide him with a paper copy of his case summary; (2) re-vote in his case using a court-made case summary; and (3) appoint counsel to assist him. *Id*. at 7.

## II. Standard of Review

The writ of habeas corpus is "an extraordinary remedy" reserved for those petitioners whom "society has grievously wronged." *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993). It "is designed to guard against extreme malfunctions in the state criminal justice system." *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring)). It is granted by a federal court pursuant to 28 U.S.C. § 2254 only where a state prisoner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484–87 (1973). It is not granted to correct errors of state constitutional, statutory, or procedural law. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

Consequently, "federal courts do not sit as courts of appeal and error for state court convictions." *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986). They may grant § 2254 relief only when a petitioner successfully raises a federal issue. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir.

1995). And they must find (1) the state court adjudicated the federal issue contrary to clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts considering the record. *Harrington v. Richter*, 562 U.S. 86, 100-01 (2011). They must defer to state court decisions on the merits. *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002). They must accept as correct any factual determinations made by the state courts unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e); *see Ford v. Davis*, 910 F.3d 232, 234 (5th Cir. 2018) ("a state court's factual findings are presumed to be correct, and the applicant bears the burden of rebutting that presumption by clear and convincing evidence."). Finally, they must accept state court decisions on procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

### III.  Analysis

The gravamen of petitioner's § 2254 petition is that the Board continues to deny him parole. (ECF No. 1 at 6–7). He seeks the Court's intervention to order the Board to reconsider his case. *Id*.

Texas law defines parole as "the *discretionary* and conditional release of an eligible prisoner sentenced to the institutional division so that the prisoner may serve the remainder of his sentence under the supervision and control of the pardons and paroles division." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (emphasis added). It provides the Board "is the exclusive authority for determining whether qualified prisoners receive parole." *Johnson v. Rodriguez*, 110 F.3d 299, 303 (5th Cir. 1997); *see also* Tex. Gov't Code Ann. §§ 508.141, 508.145 (West); *Creel v. Keene*, 928 F.2d 707 (5th Cir. 1991)). And it does not "create any constitutionally protected interest in a tentative release date prior to the termination of the sentence imposed." *Id.* (citing *Gilbertson v.*

*Texas Bd. of Pardons & Parole*s, 993 F.2d 74, 75 (5th Cir. 1993)).  Indeed, it does not establish a "constitutional expectancy of parole." *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Madison*, 104 F.3d at 768).

Furthermore, it is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds." *Johnson*, 110 F.3d at 308 (5th Cir. 1997) (citations omitted).  So, any delay in the Board's consideration of a prisoner for parole cannot support a federal constitutional claim.

Consequently, the Court finds that petitioner's challenges to the Board's actions fail to successfully raise any federal issues.  *Orellana*, 65 F.3d 29, 31.

The Court also observes that petitioner raised the same issues in his state writ application.  (ECF No. 1 at 6–7; ECF No. 8-4 at 65–74)).  It notes that his application was denied by the Texas Court of Criminal Appeals without written order.  (ECF No. 8-1 at 1).  It accepts the state court's conclusions on their merits.  *Moore*, 313 F.3d at 881; *see also Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001) ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.").  The Court also finds that petitioner provides no clear and convincing evidence to rebut the state court's findings on his state application.  Consequently, it further finds that petitioner cannot show (1) the state court adjudicated a federal issue contrary to clearly established federal law as determined by the Supreme Court, or (2) the state court's decision was based on an unreasonable determination of the facts considering the record.  *Harrington*, 562 U.S. at 100-01.

### IV. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To warrant a certificate as to claims that a district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Reasonable jurists could not debate the Court's reasoning for denying petitioner's claims on substantive or procedural grounds—or find that his issues deserve encouragement to proceed. *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). The Court will not issue a certificate of appealability.

### V. Conclusion and Order

The Court concludes after reviewing the record that petitioner is not entitled to federal habeas relief. The Court further concludes that petitioner is not entitled to a certificate of appealability.

Accordingly, based on the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED** and petitioner John David Russell's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE**;

2. No Certificate of Appealability shall issue in this case; and

3. All other motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 28th day of December, 2022.

                                                          _____
                                                          FRED BIERY
                                                          UNITED STATES DISTRICT JUDGE